

COUNSEL FOR PLAINTIFFS AND PROPOSED CLASS LISTED ON NEXT PAGE

MALCOLM A. HEINICKE (State Bar No. 194174)
    Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-2907
Facsimile: (415) 512-4077

TERRY E. SANCHEZ (State Bar No. 101318)
    Terry.Sanchez@mto.com
KATHERINE M. FORSTER (State Bar No. 217609)
    Katherine.Forster@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
FIDELITY BROKERAGE SERVICES LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FIDELITY OVERTIME LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MASTER FILE: 06-7765 (AHM)(CWx)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTLEMENT HEARING<br><br>Judge: Honorable A. Howard Matz<br>Date: March 3, 2008<br>Time: 10:00 a.m.<br>Dept: 14 |

|  |  |
|---|---|
| 1 | MARK YABLONOVICH (SBN 186670) |
|  | MYablonovich@InitiativeLegal.com |
| 2 | MARC PRIMO (SBN 216796) |
|  | MPrimo@InitiativeLegal.com |
| 3 | JOSEPH CHO (SBN 198844) |
|  | JosephCho@InitiativeLegal.com |
| 4 | GREGORY YU (SBN 230520) |
|  | GYu@InitiativeLegal.com |
| 5 | INITIATIVE LEGAL GROUP LLP |
|  | 1800 Century Park East, Second Floor |
| 6 | Los Angeles, California 90067 |
|  | Telephone:  (310) 556-5637 |
| 7 | Facsimile:   (310) 861-9051 |
|  | Interim Lead Counsel and Attorneys for |
| 8 | Plaintiffs Gregory J. Bolduc and Yancy Berry |
| 9 | JOSEPH H. MELTZER (pro hac vice) |
|  | jmeltzer@sbtklaw.com |
| 10 | GERALD D. WELLS, III (pro hac vice) |
|  | gwells@sbtklaw.com |
| 11 | ROBERT J. GRAY (pro hac vice) |
|  | rgray@sbtklaw.com |
| 12 | LISA MELLAS (pro hac vice) |
|  | lmellas@sbtklaw.com |
| 13 | SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP |
|  | 280 King of Prussia Road |
| 14 | Radnor, PA 19087 |
|  | Telephone:  (610) 667-7706 |
| 15 | Facsimile:   (610) 667-7056 |
|  | Associate Counsel and Attorneys for |
| 16 | Plaintiffs Jason Coles and Efren Infante |
| 17 |  |
| 18 | EDWARD J. WYNNE (SBN 165819) |
|  | ewynne@wynnelawfirm.com |
| 19 | J.E.B. PICKETT (SBN 154394) |
|  | jebpickett@wynnelawfirm.com |
| 20 | WYNNE LAW FIRM |
|  | 100 Drakes Landing Road, Ste. 275 |
| 21 | Greenbrae, CA 94904 |
|  | Telephone:  (415) 461-6400 |
| 22 | Facsimile:   (415) 461-3900 |
|  | Associate Counsel and Attorneys for |
| 23 | Plaintiffs Jason Coles and Efren Infante |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |

The joint motion of the Settling Parties for an order preliminarily approving a class action and collective action settlement and setting a settlement hearing, came on for hearing on or about March 3, 2008. The Court has considered the Stipulation Re: Settlement of Class and Collective Actions (and its exhibits), the submissions of counsel, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein shall have the same meanings as set forth in the Stipulation Re: Settlement of Class and Collective Actions executed by the Settling Parties and filed with this Court (the "Stipulation");

2. The Class Representatives and Fidelity, through their counsel of record in the Litigation and per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle all California Released Claims and National Released Claims;

3. The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect in the context of this settlement, the proposed California Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed California Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed California Class, and there is a well-defined community of interest among members of the proposed California Class with respect to the subject matter of the Litigation; (c) the claims of some or all of the Class Representatives Gregory Bolduc, Jason Coles and Yancy Berry (the "California Class Representatives") are typical of the claims of the members of the proposed California Class; (d) the California Class Representatives will fairly and adequately protect the interests of the proposed California Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy;

and (f) the counsel of record for the California Class Representatives are qualified to serve as counsel for the Class Representatives in their own capacities as well as their representative capacities and for the California Class;

4. The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect, in the context of this Settlement, the proposed California Class and the proposed National Class meet the requirements for certification as a collective action class under 29 U.S.C. § 216(b) because a sufficient initial showing has been made that the California Class Members and the National Class Members are similarly situated.

5. The moving parties have presented to the Court for review a Stipulation Re: Settlement of Class and Collective Actions. The Stipulation is within the range of reasonableness and meets the requirements for preliminary approval; and

6. The moving parties have also presented to the Court for review a plan to provide a California Notice to the Members of the proposed California Class which sets out the terms of the settlement and the California Class Members' options including, *inter alia*, their options (i) to opt out of the California Settlement Class, (ii) to remain in the California Settlement Class and elect to be represented by counsel of their choosing, (iii) to object to the terms of the settlement, and/or (iv) to seek to become California Participating Claimants by submitting California Settlement Claim Certification Forms. The California Notice will be mailed to all California Class Members at their Last Known Addresses. The plan regarding California Notices proposed by the Settling Parties is the best practical under the circumstances and satisfies pertinent due process requirements and the requirements of Federal Rule of Civil Procedure 23; and

7. The moving parties have also presented to the Court for review a plan to provide a National Notice to the Members of the proposed National Class which sets out the terms of the settlement and the National Class Members' options

including, *inter alia*, their options (i) to refrain from acting and thereby exclude themselves from the National Settlement Class, (ii) to opt in to the National Settlement Class, and, if eligible, become National Participating Claimants, (iii) to elect to be represented by counsel of their choosing, and/or (iv) to object to the terms of the settlement. The National Notice will be mailed to all National Class Members at their Last Known Addresses. The plan regarding National Notices proposed by the Settling Parties is the best practical under the circumstances and satisfies pertinent due process requirements.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b), the California Class and National Class are provisionally certified, and the Stipulation of Settlement is preliminarily approved;

2. Notice of the proposed settlement, and the rights of California Class Members to opt out of the settlement or become California Participating Claimants, shall be given by mailing of the California Notice by first class mail, postage prepaid, to all California Class Members pursuant to the applicable provisions in the Stipulation. Fidelity shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

3. Notice of the proposed settlement, and the rights of National Class Members to opt in to the settlement and become National Participating Claimants, if eligible, or refrain from acting and thereby exclude themselves from the settlement, shall be given by mailing of the National Notice by first class mail, postage prepaid, to all National Class Members pursuant to the applicable provisions in the Stipulation. Fidelity shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

4. Fidelity has agreed to pay Class Counsel their reasonable attorney fees in this matter in the maximum total combined, gross amount of $437,500 as well as certain allowable costs in this matter up to the maximum gross

1  amount of $25,000, and Fidelity has agreed to pay enhancements in the total
2  maximum gross amount of $67,000 to the Class Representatives to reimburse them
3  for their unique services and their execution of general releases. The Court
4  preliminarily finds that these agreements are fair and reasonable;

5      5.   A hearing shall be held before this Court on August 11, 2008 at
6  10:00 a.m. to consider whether the settlement should be given final approval by the
7  Court:

8      (a)   Written objections by California Class Members and
9  National Class Members to the proposed settlement will be considered if received
10 by Class Counsel on or before the Notice Response Deadline;

11     (b)   At the Settlement Hearing, California Class Members and
12 National Class Members who have filed timely written objections may be heard
13 orally in support of, or in opposition to, the settlement;

14     (c)   Class Counsel and counsel for Fidelity should be prepared
15 at the hearing to respond to objections filed by California Class Members and
16 National Class Members, if any, and to provide, as appropriate, other information
17 bearing on whether or not the settlement should be approved; and

18     6.   In the event that the Effective Date occurs, all California
19 Settlement Class Members will be deemed to have forever released and discharged
20 the California Released Claims, and all National Settlement Class Members will be
21 deemed to have forever released and discharged the National Released Claims, and
22 the Consolidated Litigation will be dismissed with prejudice. In the event that the
23 Effective Date does not occur for any reason whatsoever, the Stipulation shall be
24 deemed null and void and shall have no effect whatsoever.
25 ///
26 ///
27
28

7. Prior to the Settlement Hearing, the parties shall file a joint motion for final approval of the settlement.

PURSUANT TO STIPULATION, IT IS SO ORDERED, provided that the requirements the Court imposed as to identifying national class representatives and creating a web site to contain the Settlement Agreement are incorporated into the Notice.

DATED: 3/3/2008

The Honorable A. Howard Matz
United States District Judge